1

2

3

4

5          UNITED STATES DISTRICT COURT

           EASTERN DISTRICT OF WASHINGTON
6

7     UNITED STATES OF AMERICA,

8                          Plaintiff,          NO. 2:13-CR-0140-TOR-3

9          v.                                  ORDER GRANTING DEFENDANT'S
                                               MOTION FOR COMPASSIONATE
                                               RELEASE
10    BOUALONG SILKEUTSABAY,

11                         Defendant.

12         BEFORE THE COURT is Defendant's Motion for Compassionate Release.

13    ECF No. 468.  This matter was submitted for consideration without oral argument.

14    The United States declined to submit an opposition to the motion.  The Court has

15    reviewed the record and files herein, the briefing, and is fully informed.  For the

16    reasons discussed below, Defendant's Motion for Compassionate Release is

17    granted.

18                          **BACKGROUND**

19         On September 4, 2013, an indictment was filed charging Defendant with

20    conspiracy to manufacture 1,000 or more marijuana plants, manufacture of 1,000

ORDER GRANTING DEFENDANT'S MOTION FOR COMPASSIONATE
RELEASE ~ 1

1  or more marijuana plants, and carrying a firearm during a drug trafficking crime, in

2  violation of 21 U.S.C. §§ 841, 846 and 18 U.S.C. § 924(c).  ECF No. 1.  On April

3  30, 2015, Defendant pleaded guilty to an Information Superseding Indictment,

4  charging him with one count of Conspiracy to Manufacture 100 or More Marijuana

5  Plants in violation of 21 U.S.C. § 846.  ECF Nos. 215, 223.  On December 16,

6  2015, this Court sentenced Defendant to sixty (60) months imprisonment, followed

7  by a four-year term of supervised release.  ECF No. 326.  Defendant began serving

8  his term of imprisonment during three different periods of time: after his initial

9  arrest until he was released pending trial, April 11 through April 23, 2014; after he

10  violated the terms of his release until he was ordered released by the Ninth Circuit,

11  August 14, 2015 through March 3, 2017; and when he was ordered to report to

12  finish serving his sentence after direct appeal, approximately December 3, 2019 to

13  present.  Defendant's projected good time credited release date is August 1, 2022.

14      On April 10 and April 21, 2020, Defendant sought compassionate release

15  from the Warden of FMC Devens, the institution where the Bureau of Prisons

16  currently houses Defendant.  The Bureau of Prisons first communicated that

17  Defendant was denied home confinement because he had not yet served 50% of his

18  sentence.  Next, the Bureau of Prisons communicated that Defendant's request had

19  not been processed, it was taking three to four weeks to process compassionate

20

ORDER GRANTING DEFENDANT'S MOTION FOR COMPASSIONATE
RELEASE ~ 2

1  release requests.  More than 30 days has elapsed since both requests were

2  submitted, without any relief being afforded.

3      Defendant argues that he should be granted compassionate release based on

4  his advanced age, his severe medical conditions, and the risk of exposure and death

5  from the COVID-19 pandemic.

6      The government has declined to file any opposition to Defendant's motion

7  for compassionate release.

8                          **DISCUSSION**

9  **A.  Eligibility for Compassionate Release**

10     Federal courts have the statutory authority to modify an imposed term of

11  imprisonment for two reasons: compassionate release under 18 U.S.C. § 3582(c)(1)

12  or based on a change in the sentencing guidelines under 18 U.S.C. § 3582(c)(2).

13  Until recently, motions for compassionate release could only be brought to the

14  Court by the Director of the Bureau of Prisons.  18 U.S.C. § 3582(c)(1)(A) (2002).

15  However, after the December 2018 passage of the First Step Act, defendants may

16  now bring their own motions for compassionate release after exhausting

17  administrative remedies within the Bureau of Prisons.  18 U.S.C. § 3582(c)(1)(A)

18  (2018).

19     The Court finds that Defendant has effectively exhausted his administrative

20  remedies by petitioning the BOP twice, and by first being told that he is not

ORDER GRANTING DEFENDANT'S MOTION FOR COMPASSIONATE
RELEASE ~ 3

1    eligible and second that they have not yet processed his request.  Because 30 days

2    has elapsed since he submitted both of his requests, Defendant has exhausted his

3    administrative remedies.  Accordingly, the Defendant's motion for compassionate

4    release is properly before the Court.

5         A defendant may be eligible for compassionate release: (1) if the Court finds

6    "extraordinary or compelling reasons" to warrant a sentence reduction; or (2) if the

7    defendant is at least 70 years old, has served at least 30 years in prison pursuant to

8    a sentence imposed for the offense for which the defendant is currently imprisoned,

9    and the defendant is determined not to pose a risk of danger to the community.  18

10   U.S.C. § 3582(c)(1)(A).  Under either eligibility prong, the Court must also find

11   that a sentence reduction is "consistent with applicable policy statements issued by

12   the [United States] Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  The

13   Sentencing Guidelines instruct that the Court should consider the sentencing

14   factors set forth in 18 U.S.C. § 3553(a) when deciding a motion for compassionate

15   release, and that the Court should not grant a sentence reduction if the defendant

16   poses a risk of danger to the community, as defined in the Bail Reform Act.

17   U.S.S.G. § 1B1.13.

18   **B.  Extraordinary and Compelling Reasons**

19        Defendant moves for compassionate release on the grounds that

20   "extraordinary and compelling reasons" justify a sentence reduction.  ECF No. 829

ORDER GRANTING DEFENDANT'S MOTION FOR COMPASSIONATE
RELEASE ~ 4

1  at 13-21.  The First Step Act did not define what "extraordinary and compelling

2  reasons" warrant a sentence reduction, but the compassionate release statute directs

3  the Court to consider the Sentencing Commission's policy statements when

4  deciding compassionate release motions.  18 U.S.C. § 3582(c)(1)(A).

5      The Sentencing Commission's policy statement on sentence reduction

6  mirrors the language of the compassionate release statute, but it has not yet been

7  updated to reflect the procedural changes implemented by the First Step Act.

8  U.S.S.G. § 1B1.13.  "While that particular policy statement has not yet been

9  updated to reflect that defendants (and not just the [Bureau of Prisons ("BOP")])

10  may move for compassionate release, courts have universally turned to U.S.S.G. §

11  1B1.13 to provide guidance on the 'extraordinary and compelling reasons' that

12  may warrant a sentence reduction."  *United States v. McGraw*, No. 2:02-cr-00018-

13  LJM-CMM, 2019 WL 2059488, at *2 (S.D. Ind. May 9, 2019) (gathering cases).

14  The sentence reduction policy statement outlines four categories of circumstances

15  that may constitute "extraordinary and compelling reasons" for a sentence

16  reduction: (1) the defendant suffers from a medical condition that is terminal or

17  substantially diminishes the defendant's ability to provide self-care in a

18  correctional environment; (2) the defendant is at least 65 years old, is experiencing

19  a serious deterioration in health due to the aging process, and has served at least 10

20  years or 75% of his or her term of imprisonment; (3) family circumstances

ORDER GRANTING DEFENDANT'S MOTION FOR COMPASSIONATE
RELEASE ~ 5

1    involving the death or incapacitation of the caregiver of the defendant's minor

2    child or the incapacitation of the defendant's spouse or registered partner; or (4)

3    other reasons, other than or in combination with the other listed circumstances, that

4    are extraordinary and compelling.  U.S.S.G. § 1B1.13, Application Note 1.

5        Here, Defendant moves for compassionate release on the grounds that his

6    multiple chronic illnesses and difficulty treating them while in custody constitute

7    "extraordinary and compelling reasons" for a sentence reduction.  ECF No. 468.

8    Because Defendant does not allege that his present conditions are terminal or

9    diminish his ability to provide self-care while in custody, his motion for

10    compassionate release is best addressed under the "other reasons" category.

11        Defendant, age 72, is an insulin dependent diabetic, has asthma, anemia, and

12    end stage (stage 5) kidney disease.  ECF Nos. 469 (sealed medical records).

13    Defendant alleges that his medical conditions have worsened while incarcerated,

14    he suffered a stroke and now sometimes uses a wheelchair.

15        Defendant is very susceptible to the devastating effects of COVID-19.  His

16    is the most susceptible age category (over 60 years of age) and his diabetes,

17    asthma, and kidney disease make him particularly vulnerable.

18        Defendant has submitted sufficient information to the Court to demonstrate

19    that he will have a place to live with his daughter and wife in Fresno, California,

20    and that he will have access to medical care and treatment.

ORDER GRANTING DEFENDANT'S MOTION FOR COMPASSIONATE
RELEASE ~ 6

1   **C. Sentencing Commission Policy Statements**

2   The Sentencing Guidelines instruct that the Court should consider the

3   sentencing factors set forth in 18 U.S.C. § 3553(a) when deciding a motion for

4   compassionate release, and that the Court should not grant a sentence reduction if

5   the defendant poses a risk of danger to the community, as defined in the Bail

6   Reform Act.  U.S.S.G. § 1B1.13.

7   Defendant does not now present a risk of danger to the community as

8   articulated in 18 U.S.C. § 3142(g).  Defendant's advanced age and medical

9   condition have alleviated any risk Defendant previously posed to the community.

10   The Court has reviewed all the factors to be considered in imposing a sentence, 18

11   U.S.C. § 3553(a), and does not find any one factor or combination of factors to

12   preclude the remedy here.

13   Given these undisputed facts, the Court will exercise its discretion to reduce

14   Defendant's sentence because extraordinary and compelling reasons warrant such a

15   reduction.

16   **ACCORDINGLY, IT IS HEREBY ORDERED:**

17   1. Defendant's Motion for Compassionate Release, ECF No. 468, is

18   **GRANTED.**

19   2. Simultaneously herewith, the Court will enter an AMENDED Judgment

20   imposing a sentence of "time served" and converting the remaining term

ORDER GRANTING DEFENDANT'S MOTION FOR COMPASSIONATE
RELEASE ~ 7

1    of incarceration into six (6) months of home detention as an additional

2    condition of supervised release.  Additionally, Defendant is ordered to

3    self-quarantine for a minimum of 14 days as soon as he reaches his

4    residence.

5    3.  With due consideration to Defendant's medical condition and necessary

6    medical treatment (medication and prescriptions), the United States

7    Bureau of Prisons shall promptly arrange for the release of the Defendant

8    from custody and provide him with transportation to his residence in

9    Fresno, California according to 18 U.S.C. § 3624(d).  If Defendant needs

10   an attendant for interpretation and/or travel purposes, the Bureau of

11   Prisons shall communicate with Defendant's family so proper

12   arrangements may be made.

13   The District Court Executive is directed to enter this Order and furnish

14   copies to counsel, the United States Marshal Service, and the Probation Office.

15   **DATED** May 27, 2020.



THOMAS O. RICE
Chief United States District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR COMPASSIONATE
RELEASE ~ 8